```
FILED
OCT 25 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
     DEPUTY CLERK
```

1  McGREGOR W. SCOTT
   United States Attorney
2  BENJAMIN B. WAGNER
   COURTNEY J. LINN
3  Assistant U.S. Attorneys
   501 I Street, Ste 10-100
4  Sacramento, CA 95814
   Telephone (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. S-07-386 WBS |
| Plaintiff, | |
| v. | VIOLATIONS: 18 U.S.C. § 1341 - Mail Fraud (11 counts); 18 U.S.C. § 1957 - Money Laundering (9 counts); 18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering (3 counts); 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) - Criminal Forfeiture |
| IFTIKHAR AHMAD, JOSE SERRANO, and MANPREET SINGH, | |
| Defendants. | |

S U P E R S E D I N G   I N D I C T M E N T

<u>COUNTS ONE THROUGH ELEVEN</u>: [18 U.S.C. § 1341 - Mail Fraud]

The Grand Jury charges:

IFTIKHAR AHMAD,
JOSE SERRANO,
and MANPREET SINGH,

defendants herein, as follows:

1

## I.   INTRODUCTION

1.  At all relevant times alleged in this Superseding Indictment IFTIKHAR AHMAD resided in Stockton, California. On or about April 23, 2003, IFTIKHAR AHMAD and his spouse, Rayhana Ahmad, formed I & R INVESTMENT PROPERTIES LLC. (hereinafter "I & R")  According to the incorporation papers filed with the California Secretary of State, I & R is in the business of real estate investments.

2.  On or about July 25, 2003, IFTIKHAR AHMAD caused I & R to open and maintain two bank accounts, summarized as follows: (1) Bank of Stockton account #2114193201; and (2) Bank of Stockton account #2114193220.  At all relevant times, IFTIKHAR AHMAD maintained sole signatory authority over both accounts.

3.  At all relevant times alleged in this Superseding Indictment, Bank of Stockton was a member of the Federal Deposit Insurance Corporation (FDIC), and was a financial institution within the meaning of 18 U.S.C. § 1956(c)(6).  It maintains its headquarters in Stockton, California, and it maintains branch offices at various locations in the State and Eastern District of California.

4.  At all relevant times alleged in this Superseding Indictment, JOSE SERRANO resided in Stockton, California. Beginning no later than July 2003 through at least January 2005, JOSE SERRANO recruited and assisted purchasers to acquire real property owned by IFTIKHAR AHMAD and I & R.

5.  At all relevant times alleged in this Superseding Indictment, MANPREET SINGH resided in Stockton, California.  In the space of approximately three months spanning late 2004 and

2

early 2005, she purchased two real properties in Stockton, California. One property was purchased from I & R. The other property was purchased from I & R and a brother of IFTIKHAR AHMAD. Both purchases were financed with mortgages obtained from Long Beach Mortgage.

6. At all relevant times alleged in this Superseding Indictment, Long Beach Mortgage was a wholesale lender of money to purchasers of residential real property in the Stockton, California area and elsewhere. From October 1999 through early 2006, Long Beach Mortgage was owned by New American Capital, which in turn was owned by Washington Mutual, Inc.

## II. THE SCHEME TO DEFRAUD

7. Beginning at a time not known to the Grand Jury, but not later than in or about July 2003, through in or about October 2005, in the State and Eastern District of California and elsewhere, defendants IFTIKHAR AHMAD, JOSE SERRANO and MANPREET SINGH did knowingly devise and intend to devise a scheme and artifice to defraud Long Beach Mortgage, and to obtain property by means of false and fraudulent pretenses, representations and promises. As the result of the fraud, IFTIKHAR AHMAD, through his company I & R, obtained in excess of $1.5 million in gross receipts from Long Beach Mortgage to which he was not entitled.

## III. WAYS AND MEANS

8. The ways and means by which the mail fraud scheme was accomplished are set out below:

9. Between in or about July 2003 and through in or about January 2005, IFTIKHAR AHMAD, through I & R, sold (and in one instance resold) real properties in the Stockton and San Joaquin

1  County area, to which it held title either solely or jointly,
2  including the following properties:
3        a.   533 N. Oro Avenue, Stockton, California
4        b.   1214 Lafayette Street, Stockton, California
5        c.   2709 Bristol Avenue, Stockton, California
6        d.   2215 E. Vine Street, Stockton, California
7        e.   2503 N. Oregon Street, Stockton, California
8        f.   7903 S. Harlan Road, French Camp, California
9        g.   729 E. Sonora Street, Stockton, California
10       h.   2223 E. Mistletoe, Stockton, California
11       i.   952 N. Solari Street, Stockton, California
12       j.   1306 S. American Street, Stockton, California
13 In each of the above-specified sales transactions, the purchaser
14 financed the purchase of the property with a loan or loans
15 obtained from Long Beach Mortgage.
16      10.  As part of the scheme, IFTIKHAR AHMAD utilized
17 purchasers, some of whom held themselves out in loan applications
18 and other documents submitted to Long Beach Mortgage that they
19 were the purchasers or co-purchasers of property, when in fact
20 after the sale concluded they did not exercise actual dominion or
21 control over the properties.
22      11.  As part of the scheme, purchasers for the properties
23 sold by I & R were recruited to purchase properties from IFTIKHAR
24 AHMAD and I & R.  JOSE SERRANO was one such recruiter.
25      12.  IFTIKHAR AHMAD, through his company I & R,
26 surreptitiously provided the purchasers' down payments in
27 connection with the following transactions:
28

        a.   I & R's sale of 533 N. Oro Avenue, Stockton, California, to a person purporting to be Rebecca W. on or about September 29, 2003;

        b.   I & R's sale of 1214 E. Lafayette, Stockton, California, to a person purporting to be Rebecca W. on or about November 25, 2003;

        c.   I & R's sale of 2215 E. Vine Street, Stockton, California, to Gilbert R. on or about March 11, 2004;

        d.   I & R's sale of 2503 N. Oregon Street, Stockton, California, to Gonzalo Z. on or about July 31, 2003;

        e.   I & R's sale of 7903 S. Harlan Road, French Camp, California, to Gonzalo Z. on or about August 24, 2003.

Such down payments were not disclosed to the lender, and had the effect of artificially inflating the sales price and inducing the lender to believe that the purchaser had in fact funded the down payment from his or her own funds.

    13.   In each of the transactions described in paragraph 9 above, the loan application contained false representations. These false representations related, among other things, to the purchaser's monthly base income in connection with the following transactions:

        a.   I & R's sale of 1214 E. Lafayette, Stockton, California, to Jaime O. on or about November 30, 2004;

        b.   I & R's sale of 2215 E. Vine, Stockton, California, to Gilbert R. on or about March 11, 2004;

        c.   I & R's sale of 2503 N. Oregon Street, Stockton, California, to Gonzalo Z. on or about July 31, 2003;

      d.   I & R's sale of 7903 S. Harlan Road, French Camp, California, to Gonzalo Z. on or about August 29, 2003;

      e.   I & R's sale of 729 E. Sonora, Stockton, California, to Roberto A. on or about January 18, 2005.

      f.   I & R's sale of 952 N. Solari Avenue, Stockton, California to defendant MANPREET SINGH and another person on or about October 26, 2004;

      g.   I & R and another person's sale of 1306 S. American Street, Stockton, California to defendant MANPREET SINGH on or about January 14, 2005.

14. Loan applications and supporting materials included false representations which related to the purchaser's employment in connection with the following transactions:

      a.   I & R's sale of 533 N. Oro Avenue, Stockton, California, to a person purporting to be Rebecca W. on or about September 29, 2003;

      b.   I & R's sale of 1214 E. Lafayette, Stockton, California, to a person purporting to be Rebecca W. on or about November 25, 2003;

      c.   I & R's sale of 2503 N. Oregon Street, Stockton, California, to Gonzalo Z. on or about July 31, 2003;

      d.   I & R's sale of 7903 S. Harlan Road, French Camp, California to Gonzalo Z. on or about August 29, 2003;

      e.   I & R's sale of 952 N. Solari Avenue, Stockton, California, to defendant MANPREET SINGH and another person on or about October 26, 2004;

1  f. I & R and another person's sale of 1306 S. American
2     Street, Stockton, California to defendant MANPREET
3     SINGH on or about January 14, 2005.
4  15. False identifying information and false documents were
5  supplied as part of the loan applications in connection with the
6  following transactions:
7     a. I & R's sale of 533 N. Oro Avenue, Stockton,
8        California, to a person purporting to be Rebecca W. on
9        or about September 29, 2003;
10    b. I & R's sale of 1214 E. Lafayette Street, Stockton,
11       California, to a person purporting to be Rebecca W. on
12       or about November 25, 2003;
13    c. I & R's sale of 2709 Bristol Avenue, Stockton,
14       California, to Gilbert R. on or about December 11,
15       2003;
16    d. I & R's sale of 729 E. Sonora, Stockton,
17       California, to Roberto A. on or about January 18, 2005.
18 16. JOSE SERRANO knowingly participated in the scheme by
19 recruiting individuals to purchase real property from IFTIKHAR
20 AHMAD and I & R whom he knew could not legitimately qualify for
21 mortgages to purchase such properties and by facilitating the
22 purchase transactions.
23 17. Defendant MANPREET SINGH knowingly participated as a
24 straw co-purchaser of 952 N. Solari Avenue, Stockton, California;
25 and as a straw purchaser of 1306 S. American Street, Stockton,
26 California.
27 18. As part of the scheme, IFTIKHAR AHMAD caused
28 individuals to be paid for their respective roles in the scheme.

7

Between in or about January 2005 and in or about October 2005, MANPREET SINGH received approximately $22,300 for her role as a straw co-purchaser of 952 N. Solari Avenue Stockton, California, and as a straw purchaser of 1306 S. American Street, Stockton, California. Between in or about January 2003 and in or about April 2006, JOSE SERRANO received more than $45,000 in cash and checks from IFTIKHAR AHMAD in exchange for supplying purchasers, including straw purchasers, for several real property transactions.

## IV. THE MAILINGS

19. On or about the dates set forth below, in the Eastern District of California, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, IFTIKHAR AHMAD, JOSE SERRANO and MANPREET SINGH did knowingly cause to be transmitted by mail, the writing or writings specified below:

| COUNT | DATE | SENDER | RECIPIENT | WHAT WAS SENT | DEFENDANT |
|---|---|---|---|---|---|
| 1 | 07/31/03 | San Joaquin County Recorders Office | Long Beach Mortgage | Deed of Trust re: 2503 N. Oregon Street, Stockton | IFTIKHAR AHMAD |
| 2 | 08/29/03 | San Joaquin County Recorders Office | Long Beach Mortgage | Deed of Trust re: 7903 S. Harlan Road, French Camp | IFTIKHAR AHMAD |

Case 2:07-cr-00386-WBS   Document 43   Filed 10/25/07   Page 9 of 17

| | | | | | |
|---|---|---|---|---|---|
| 3 | 9/26/03 | San Joaquin County Recorders Office | Long Beach Mortgage | Deeds of Trust re: 533 N. Oro Street, Stockton | IFTIKHAR AHMAD and JOSE SERRANO |
| 4 | 11/26/03 | San Joaquin County Recorders Office | Long Beach Mortgage | Deed of Trust re: 1214 E. Lafayette Street, Stockton | IFTIKHAR AHMAD |
| 5 | 12/12/03 | San Joaquin County Recorders Office | Long Beach Mortgage | Deeds of Trust re: 2709 Bristol Avenue, Stockton | IFTIKHAR AHMAD |
| 6 | 03/11/04 | San Joaquin County Recorders Office | Long Beach Mortgage | Deed of Trust re: 2215 E. Vine Street, Stockton | IFTIKHAR AHMAD and JOSE SERRANO |
| 7 | 10/26/04 | San Joaquin County Recorders Office | Long Beach Mortgage | Deeds of Trust re: 952 N. Solari, Stockton | IFTIKHAR AHMAD and MANPREET SINGH |
| 8 | 11/24/04 | San Joaquin County Recorders Office | Long Beach Mortgage | Deeds of Trust re: 2223 E. Mistletoe, Stockton | IFTIKHAR AHMAD and JOSE SERRANO |
| 9 | 11/30/04 | San Joaquin County Recorders Office | Long Beach Mortgage | Deeds of Trust re: 1214 E. Lafayette Street, Stockton | IFTIKHAR AHMAD and JOSE SERRANO |
| 10 | 1/14/05 | San Joaquin County Recorders Office | Long Beach Mortgage | Deed of Trust re: 1306 S. American, Stockton | IFTIKHAR AHMAD and MANPREET SINGH |

9

| 11 | 1/18/05 | San Joaquin County Recorders Office | Long Beach Mortgage | Deed of Trust re: 729 E. Sonora, Stockton | IFTIKHAR AHMAD and JOSE SERRANO |

All in violation of Title 18, United States Code, Sections 1341 and 2.

<u>COUNTS TWELVE THROUGH TWENTY</u>: [18 U.S.C. § 1957 - Money Laundering]

The Grand Jury further charges:

IFTIKHAR AHMAD,

defendant herein, as follows:

1. The allegations contained in paragraphs one through six and nine through eighteen of Counts One through Eleven of this Superseding Indictment are realleged and incorporated herein, as if fully set forth.

2. On or about the dates set forth below, in the State and Eastern District of California, defendant IFTIKHAR AHMAD did knowingly engage and attempt to engage in the monetary transactions affecting interstate and foreign commerce as set forth below, each in criminally derived property of a value greater than $10,000, such funds having been derived from specified unlawful activity, that is, mail fraud in violation of Title 18, United States Code, Section 1341:

| COUNT | DATE | MONETARY TRANSACTION |
|---|---|---|
| 12 | 8/14/03 | Deposit of $262,685.38 check made payable to I & R into Bank of Stockton account number 2114193220 |

| | | | |
|---|---|---|---|
| 13 | 9/2/03 | Deposit of $97,875.69 check made payable to I & R into Bank of Stockton account number 2114193220 |
| 14 | 9/30/03 | Deposit of $142,029.01 check made payable to I & R into Bank of Stockton account number 2114193220 |
| 15 | 11/28/03 | Deposit of $156,105.67 check made payable to I & R into Bank of Stockton account number 2114193220 |
| 16 | 12/18/03 | Deposit of $227,090.07 check made payable to I & R into Bank of Stockton account number 2114193220 |
| 17 | 10/26/04 | Deposit of $226,801.52 check made payable to I & R into Bank of Stockton account number 2114193220 |
| 18 | 11/26/04 | Deposit of $228,436.56 check made payable to I & R into Bank of Stockton account number 2114193220 |
| 19 | 12/1/04 | Deposit of $60,019.88 check made payable to I & R into Bank of Stockton account number 2114193201 |
| 20 | 1/31/05 | Deposit of $336,316.45 check made payable to I & R into Bank of Stockton account number 2114193201 and deposit of a $82,582.00 check made payable to I & R into Bank of Stockton account number 2114193201 |

All in violation of Title 18, United States Code, Sections 2 and 1957.

COUNTS TWENTY-ONE AND TWENTY-TWO: [18 U.S.C. 1956(a)(1)(A)(i) - Money Laundering]

The Grand Jury further charges:

IFTIKHAR AHMAD,

defendant herein, as follows:

1. The allegations contained in paragraphs one through six and nine through eighteen of Counts One through Eleven of this Superseding Indictment are realleged and incorporated herein, as if fully set forth.

11

2. On or about the dates set forth below, within the State and Eastern District of California, defendant IFTIKHAR AHMAD did knowingly conduct the financial transactions affecting interstate commerce as set forth below, each of which involved the proceeds of specified unlawful activity, that is, mail fraud in violation of Title 18, United States Code, Section 1341, with the intent to promote the carrying on of the specified unlawful activity, and while conducting said financial transactions knew the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 21 | 8/28/03 | Purchase of cashier's check in the amount of $28,000 drawn from Bank of Stockton |
| 22 | 11/20/03 | Purchase of cashier's check in the amount of $12,000 drawn from the Bank of Stockton. |

All in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(A)(i).

COUNTS TWENTY-THREE:     [18 U.S.C. 1956(a)(1)(A)(i)
                          - Money Laundering]

The Grand Jury further charges:

                    IFTIKHAR AHMAD, and
                    JOSE SERRANO

defendants herein, as follows:

1. The allegations contained in paragraphs one through six and nine through eighteen of Counts One through Eleven of this Superseding Indictment are realleged and incorporated herein, as if fully set forth.

2. On or about November 22, 2004, within the State and Eastern District of California, defendants IFTIKHAR AHMAD and JOSE SERRANO did knowingly conduct a financial transaction

affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is, mail fraud in violation of Title 18, United States Code, to wit: the transfer of a $3,000 check made payable to JOSE SERRANO and drawn on a checking account at the Bank of Stockton, with the intent to promote the carrying on of the specified unlawful activity, and while conducting said financial transaction knew the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Sections 2 and 1956(a)(1)(A)(i).

FORFEITURE ALLEGATION: [18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982 - Criminal Forfeiture]

The Grand Jury further charges:

1. The allegations contained in Counts One through Twenty Three of this Superseding Indictment are realleged and incorporated herein, as if fully set forth.

2. As a result of the offenses alleged in Count One through Eleven of this Indictment, defendants IFTIKHAR AHMAD, JOSE SERRANO and MANPREET SINGH shall forfeit to the United States, pursuant to Title 18 U.S.C. § 981(a)(1)(C) and Title 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to said offense. Such property shall include, but is not limited to, the following:

    a.  952 N. Solari Avenue, Stockton, California
        APN 141-050-11

3. As a result of the offense alleged in Counts Twelve through Twenty Three, defendant IFTIKHAR AHMAD shall forfeit to

the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in said offenses, and all property traceable to such property.

    4.    The United States intends to forfeit property, including but not limited to the sum of the money equal to the property that constitutes, or is derived from, the proceeds from the scheme to defraud alleged in Counts One through Eleven, and the sum of money equal to the amount involved in, or traceable to, Counts Twelve through Twenty Three of this Indictment.

    5.    Pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), if any property described in paragraphs 2 through 4 above, as a result of any act or omission of the defendant IFTIKHAR AHMAD, JOSE SERRANO or MANPREET SINGH, cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States to seek to forfeit substitute assets. Such substitute properties include, but are not limited to, all assets of I & R INVESTMENT PROPERTIES LLC, including the following real properties:

    a.    1031 S. Sinclair Avenue, Stockton, California
           APN 157-283-08

    b.    1028 S. Sinclair Avenue, Stockton, California
           APN 159-081-15

    c.  311 S. Laurel Avenue, Stockton, California
       APN 155-210-16

    d.  726 Howard Street, Stockton, California
       APN 163-180-54

    e.  2145 S. Stockton Street, Stockton, California
       APN 163-150-18.

All in violation of Title 18, United States Code, Sections 981(a)(1)(C) and 982; and Title 28, United States Code, Section 2461(c).

A TRUE BILL.



/s/ Signature on file w/ AUSA

_____
FOREPERSON

*[signature]*
McGREGOR W. SCOTT
United States Attorney

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

---

## THE UNITED STATES OF AMERICA
*vs.*

IFTIKHAR AHMAD, MANPREET SINGH, and JOSE SERRANO

---

### S U P E R S E D I N G   I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1341 - Mail Fraud (11 Counts); 18 U.S.C. § 1957 - Money Laundering (9 Counts); 18 U.S.C. § 1956(a)(1)(A)(i) - Money Laundering (3 Counts); 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1) - Criminal Forfeiture

---

*A true bill,*

/s/

*Foreman.*

---

*Filed in open court this* 25th *day of* October, A.D. 20 07

C. Schulty

*Clerk.*

---

*Bail, $* **NO PROCESS NECESSARY**

GPO 863 525

## SUPERSEDING PENALTY SLIP

DEFENDANTS: **IFTIKHAR AHMAD, MANPREET SINGH and JOSE SERRANO**

VIOLATIONS:

**IFTIKHAR AHMAD (11 counts), MANPREET SINGH (2 counts, JOSE SERRANO (5 counts)**

COUNTS 1-11: 18 U.S.C. § 1341 - Mail Fraud
PENALTY: Not more than $250,000, unless the violation affects a financial institution then not more than $1,000,0001,000250,000.00 fine, and not more than 20 years imprisonment, unless the violation affects a financial institution, then 30 years imprisonment; or both 5 years TSR

**IFTIKHAR AHMAD**

COUNTS 12-20: 18 U.S.C. § 1957 - Money Laundering
PENALTY: Not more than $250,000.00 fine;
Not more than 10 years imprisonment, or both
5 years TSR
MANDATORY RESTITUTION

**IFTIKHAR AHMAD (2 counts)**

COUNTS 21-22: 18 U.S.C. §§ 1956 (a)(A)(I) - Money Laundering
PENALTY: Not more than $500,000.00 fine, or twice the gain or loss; not more than 20 years imprisonment, or both
5 years TSR
MANDATORY RESTITUTION

**IFTIKHAR AHMAD and JOSE SERRANO**

COUNT 23: 18 U.S.C. §§ 1956 (a)(1)(A)(i) - Money Laundering
PENALTY: Not more than $500,000.00 fine, or twice the gain or loss; not more than 20 years imprisonment, or both
5 years TSR
MANDATORY RESTITUTION

FORFEITURE ALLEGATION:   18 U.S.C. § 981(a)(1)(C) 28 U.S.C. § 2461(C), 18 U.S.C. § 982 - Criminal Forfeiture

As Indicated in the indictment

PENALTY ASSESSMENT: $100 each count