BENJAMIN B. WAGNER
United States Attorney
LAUREL LOOMIS RIMON
Assistant United States Attorney
501 I Street, 10th Floor
Sacramento, California 95814
Telephone: (916) 554-2754

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR. No. S-07-0386 WBS |
|---|---|
| Plaintiff, | ) |
| | ) UNITED STATES' SENTENCING |
| v. | ) MEMORANDUM |
| | ) |
| IFTIKHAR AHMAD, | ) Date: February 7, 2011 |
| | ) Time: 8:30 a.m. |
| | ) Judge: Hon. William B. Shubb |
| Defendant. | ) |

**INTRODUCTION**

Defendant Iftikhar Ahmad is set for judgment and sentencing before this Court on Monday, February 7, 2011. In general, the government concurs with the guidelines calculations of the probation officer in the pre-sentence report ("PSR"), except for the recommendation in the PSR of a three-point adjustment for role in the offense.

Specifically, the government agrees that the proper base offense level under U.S.S.G. 2S1.1 is 7, that an increase under U.S.S.G. 2B1.1(b)(1)(G) of 12 levels is appropriate based on a loss amount greater than $200,000 but less than $400,000, the offense level is increased to a level 24 under U.S.S.G. 2B1.1(b)(14)(D) based on the defendant having derived more than

$1,000,000 in gross receipts from one or more financial institutions, an additional 1-level increase under U.S.S.G. 2S1.1(b)(2)(A) for conviction under 18 U.S.C. § 1957 applies, and a reduction of 3 levels under U.S.S.G. 3E1.1(a) and (b) for acceptance of responsibility also applies.

**A.   Role in the Offense**

With respect to the defendant's role in the offense, the government agreed in the plea agreement to recommend a 2-level increase for being an organizer, leader, manager, or supervisor under U.S.S.G. 3B1.1(c), and believes that recommendation is supported by the facts.  That is, the defendant did clearly organize criminal activity by soliciting individuals to act as straw purchasers of homes he was trying to sell and did facilitate those straw buyers and other buyers obtaining loans based on personal information he knew was false.  This activity allowed him to sell properties he might not otherwise have been able to sell, and at higher profits.  Two of the individuals he supervised in this endeavor – Manpreet Singh and Jose Serrano – have pleaded guilty and been convicted of wire fraud related to this activity.

However, the government does not believe that the defendant managed or supervised five or more criminally responsible participants, as required for a 3-level increase under U.S.S.G. 3B1.1(b).  Pursuant to application note 1 to U.S.S.G. 3B1.1, a "participant" is "a person who is criminally responsible for the commission of the offense, but need not have been convicted."  In this case, there are other individuals who were involved with the defendant's house flipping activities, but the government has not

developed a basis for asserting that they are "criminally responsible." Accordingly, the government believes a 2-level increase is what is appropriate in this case.

**B.  3553 Factors**

In addition to the Sentencing Guidelines, the factors as set forth in Section 3553 of Title 18 of the United States Code must also be considered before imposition of sentence. They include the nature and circumstances of the offense and the history and characteristics of the defendant, plus a number of general policy issues, including punishment, deterrence, recidivism, and respect for the law. See 18 U.S.C. § 3553(a).

The United States believes that none of these factors in this case provide a basis to depart from the guideline range. The government does not agree that the defendant would not have gotten involved in his criminal activity were it not for others, specifically, William Bridge. Rather, the defendant began flipping houses before he ever met Bridge, and he established his own practice of using straw buyers and paying other individuals to bring in straw buyers and unqualified buyers.

By using Bridge, the defendant was able to help his buyers qualify for loans they should not legitimately have obtained, but it is not true that Bridge was the "mastermind" of the defendant's criminal activity. The defendant brought many potential buyers to Bridge who Bridge rejected as unqualified. The defendant was clearly aware of the fact that he was passing false information to Bridge about his buyers' qualifications – something he did entirely on his own initiative, even if with the tacit agreement of Bridge.

Additionally, the defendant asserts that his family circumstances are a basis for reducing his sentence pursuant to 18 U.S.C. § 3553.  However, it is worth noting that section 5H1.6 of the Sentencing Guidelines provides that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted."  The fact that the defendant has five children is not, in itself, a basis for a departure.  Additionally, according to the PSR, the defendant has been unemployed since his arrest in 2006, so he is not providing financially for his family.  While the defendant states that his family circumstances are "compelling," there is no indication that the defendant provides for his family in any unique or extraordinary way, or that the family would be in worse condition than any other family where a parent is incarcerated.  The fact that his wife chooses not to work, leaving the defendant as the only <u>potential</u> breadwinner, does not justify a departure.

## **CONCLUSION**

For the reasons stated above, the United States respectfully requests the Court find that the proper guideline calculation results in a total offense level of 24, and that there is no basis for a departure under 18 U.S.C. §3553.

Respectfully Submitted,

BENJAMIN B. WAGNER
United States Attorney

By:   /s/ Laurel Loomis Rimon
LAUREL LOOMIS RIMON
Dated: January 31, 2011         Assistant United States Attorney

4